UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ADP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ROB GREEN HOLDINGS, LLC,<br><br>Defendant.<br><br>ROB GREEN HOLDINGS, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>ADP, INC.,<br><br>Counterdefendant. | Case No.: 1:09-CV-00571-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION TO COMPEL**<br><br>**(Docket No. 16)**<br><br>**and**<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>**(Docket No. 19)** |

Currently pending before the Court is Plaintiff's Motion to Compel (Docket No. 16) and, most recently, Plaintiff's Motion for Attorneys' Fees (Docket No. 19). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order:

## BACKGROUND

Plaintiff served its First Set of Interrogatories and Requests for Production of Documents upon Defendant on May 11, 2010. *See* Fuhrman Aff. at ¶ 3 (Docket No. 16, Att. 1). Before any responses were due, Defendant requested, and was granted, a two-week extension to respond to Plaintiff's discovery; Defendant's responses were therefore due on or around June 25, 2010. *See*

**ORDER - 1**

*id*. at ¶ 4. Not receiving any response by June 25, 2010, on July 9, 2010, Plaintiff's counsel sent a letter to Defendant's counsel, requesting responses by July 16, 2010. *See id*. at ¶ 5. Again, not receiving any response by July 16, 2010, Plaintiff filed the instant Motion to Compel. *See id*.

Responding to Plaintiff's Motion to Compel, Defendant points out that its discovery responses "ha[ve] been prepared" but "[are] waiting for verification . . . before providing [them] to Plaintiff's counsel." *See* Def.'s Resp., p. 2 (Docket No. 17). Moreover, Defendant indicated that its responses "will be served on Plaintiff's counsel as soon as verification has been received, and no later than Friday, August 20, 2010." *See id*. Defendant received Plaintiff's responses on August 20, 2010. *See* Pl.'s Reply, p. 2 (Docket No. 18).

Although now in receipt of Defendant's discovery responses (and without any indication that such responses were inadequate for any reason), Plaintiff now seeks to recover the expenses associated with bringing its Motion to Compel. *See* Pl.'s Mot. to Compel, p. 2 (Docket No. 16); *see also* Pl.'s Reply, p. 2 (Docket No. 18); Pl.'s Mot. for Attorneys' Fees (Docket No. 19).

## DISCUSSION

Plaintiff relies on FRCP 37(a)(5)(A) as the basis for recovering its expenses. *See* Pl.'s Reply, p. 2 (Docket No. 18). Pursuant to FRCP 37(a)(5)(A):

> If the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

*See* Fed. R. Civ. P. 37(a)(5)(A). Accordingly, an order requiring the payment of reasonable expenses appears mandatory, unless (1) the movant filed the motion before attempting in good faith to obtain the disclosure/discovery without the Court's involvement; (2) the opposing

**ORDER - 2**

party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i-iii).

The Court does not believe the evidence before it supports the conclusion that Defendant delayed its discovery responses in bad faith or, for that matter, engaged in any gamesmanship to Plaintiff's ultimate detriment. *See, e.g.*, *U.S., ex rel. Manion v. St. Luke's Reg'l Med. Ctr.*, 2010 WL 1709434, *7 (D. Idaho 2010). Additionally, it is not even clear whether Defendant's need to secure its client's verification contributed to its original delay in responding to Plaintiff's discovery requests. These reasons, coupled with the fact that (1) there was no looming trial date; (2) the relevant discovery, expert disclosure, and dispositive motion deadlines were not jeopardized; and (3) Plaintiff is now in receipt of the requested information/materials, contribute to a setting where in many instances, a party forced to gain the Court's involvement to obtain such discovery simply moves on and hopes that such further instances do not occur.

However, the Court is mindful that often in the setting of such motions, the full view of the litigation iceberg is never before the Court. It may be that this instance was only the latest of a series of difficulties one lawyer has had in obtaining timely discovery from another lawyer. Or it may be that, even in a setting such as this where the delay caused little difficulty, if any, in moving forward with the case generally, counsel feels strongly that the expense of seeking an order to compel should not rest upon his or her client. Such is an understandable response, even if not the most common response.

Similarly, the Defendant's delay in producing discovery, after an initial agreed upon extension as a matter of courtesy came and went, does not go unnoticed. It appears in every respect that the sort of ordinary courtesy that good lawyers ought to extend to each other

**ORDER - 3**

whenever possible, was, in fact, extended here, and that even after that agreed upon extension passed, another deadline was set before the propounding counsel said that he would file a motion to compel and that deadline, too, went unmet.

Further, the record does not indicate that the delay was justified. Defendant's counsel suggests that the fact that the ultimate discovery differed very little from the initial disclosures justified the delay in answering the discovery, and further evidences that it would be unjust to require Defendant to pay an award of expenses to Plaintiff. The Court does not agree. The Defendant was dilatory in responding to discovery, even after a courtesy extension was obtained and an even later deadline was imposed by the propounding party before a motion to compel was filed. The fact that the information contained in the discovery responses differed little in content from the initial disclosures begs the question of why it took so long to prepare the discovery responses, if the information needed was already largely available.

As to the equity involved, the Court recognizes, as described earlier, that the ultimate prejudice seems small. However, the sum requested by Plaintiff here, in the context of the events leading up to the filing of the motion to compel, is not a sum to rises to the level of punishing Defendant inappropriately for the failure to follow the procedural rules. When a party, through its counsel, grants additional time for discovery responses as a matter of courtesy, and then has further contact with opposing counsel and allows yet more time before a motion to compel is filed, and the responses are still not forthcoming before such deadlines, then an award of fees is entirely appropriate under the rule and under the facts. There must be some consequence to such a delay; otherwise, a party could procrastinate or stonewall its responsibility to answer discovery indefinitely, with impunity.

**ORDER - 4**

Accordingly, for the reasons described herein, the Court grants Plaintiff's Motion for Attorney Fees, pursuant to Fed. R. Civil P. 37(a)(5). The Court finds that an award of $480 is reasonably justified in the circumstances, to include the reasonable fees expended in pursuing the motion for attorney fees. Defendant is ordered to make payment of said amount to Plaintiff's law firm not later than January 28, 2011.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (Docket No. 16) and Plaintiff's Motion for Attorneys' Fees (Docket No. 19) is GRANTED, with Defendant to make payment of $480.00 to Plaintiff's law firm on or before January 28, 2011.

IT IS SO ORDERED.

DATED: **January 18, 2011**

Honorable Ronald E. Bush
U. S. Magistrate Judge